IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

CHARLES M. MURPHY, JR.,            )
                                    )
     Plaintiff,                     )
                                    )
v.                                  )      Civil No.  1:07-0068
                                    )      Judge Trauger
COLLEEN KOLLAR-KOTELLY, *et al.*,   )      Magistrate Judge Knowles
                                    )
     Defendants.                    )

## MEMORANDUM AND ORDER

The *pro se* plaintiff has filed a Motion for a Reconsideration of the Orders of Former Magistrate Knowles for Leave to Proceed *In forma Pauperis*, and for the Appointment of Counsel. (Docket No. 46) Because the rulings to which he takes issue were made by Magistrate Judge Knowles and the case has been reassigned to Magistrate Judge Griffin, Mr. Murphy requests in this motion that Magistrate Judge Griffin reconsider these rulings. However, that is not an appropriate procedure; the reassignment of a case to a different judge does not open up previous rulings in the case for wholesale reconsideration. Instead, these rulings must be reconsidered by the district court.

The motions that were denied relate to non-dispositive matters. Therefore, this court may only reconsider the issues if the Magistrate Judge's rulings was clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Rule 72(a), Fed.R.Civ.P. This is a "limited standard of review." *Massey v. City of Ferndale*, 7 F.3d. 506, 509 (6th Cir. 1993). A ruling is clearly erroneous "where it is against the clear weight of the evidence or where the court is of the definite and firm conviction that a mistake has been made." *Galbraith v. Northern Telecom, Inc.*, 944 F.2d 275, 281 (6th Cir. 1991) (internal citations omitted). The test is "not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw.

Rather the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one." *Heights Community Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985) (internal citations omitted).

The magistrate judge denied as moot the plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, or for Leave to Proceed Without Payment of Costs and Fees (Docket No. 25) because the plaintiff had paid the filing fee (Docket No. 36). This ruling was not clearly erroneous or contrary to law and, therefore, this court declines to reconsider the ruling. Should the plaintiff eventually prevail in this case, he may be able to recover appropriate costs paid out by him in the course of the case as the prevailing party. Otherwise, this court is unaware of any procedure, process, law, or regulation that would allow a civil *pro se* plaintiff to have someone else advance the litigation costs and fees incurred by him in pursuing his case.

The magistrate judge denied the plaintiff's Motion for the Appointment of Counsel (Docket No. 6), as "exceptional circumstances" did not justify the appointment of counsel (Docket No. 35). This court does not find that ruling clearly erroneous or contrary to law and, therefore, declines to reconsider it. The plaintiff represents that "he expects to make acceptable fee arrangements with such counsel." (Docket No. 46 at 3) He asks that the court "suggest to one or more local counsel that he or she get in touch with plaintiff" (Id. at 4), in order to determine whether they might come up with an appropriate retainer agreement. Courts do not suggest that lawyers contact potential clients, in that that would put attorneys in the unethical position of soliciting business. The court suggests that the plaintiff contact the Nashville Bar Association Lawyer Referral Service at (615) 242-6546 to secure the names of lawyers in this area who are willing to represent parties alleging the causes of action alleged herein.

For the reasons expressed herein the plaintiff's Motion for a Reconsideration (Docket No. 46) is DENIED.

It is so **ORDERED.**

Enter this 1st day of April 2008.

_____
ALETA A. TRAUGER
U.S. District Judge