IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| CHARLES M. MURPHY, JR. | ) | |
| | ) | |
| v. | ) | NO. 1:07-0068 |
| | ) | |
| COLLEEN KOLLAR-KOTELLY, et al. | ) | |

TO:  Honorable Robert L. Echols, District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered September 27, 2007 (Docket Entry No. 5), the Court referred this civil rights action to the Magistrate Judge for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1), and to conduct any necessary proceedings under Rule 72 of the Federal Rules of Civil Procedure.[1]

Presently pending before the Court is Defendants' motion to dismiss (Docket Entry No. 33). Plaintiff has filed a response in opposition to the motion (Docket Entry Nos. 40 and 43). For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

## I. BACKGROUND

Plaintiff is a 88 year old veteran of the United States Air Force who served as a combat pilot during both World War II and the Korean War. In 1959, after approximately eighteen years of

---

[1] By Order entered February 25, 2008 (Docket Entry No. 44), the action was reassigned to the undersigned for all further proceedings.

military service,[2] Plaintiff was placed on "Retired Reserve" status with the rank of captain after he was not promoted to a higher rank. Plaintiff alleges that this placement stopped him from receiving promotions and later prevented him from receiving full retirement benefits. See Complaint, at 3-4.

In 1992, Plaintiff began a legal odyssey, which has now spanned sixteen years, to rectify what he considers to be errors regarding his military record. Having come to believe that his retirement benefits were not what they should be and that his placement into the Retired Reserve was illegal, Plaintiff filed a request in 1992 with the Air Force Board for the Correction of Military Records ("AFBCMR") requesting that his transfer to the Retired Reserve be set aside, that he be credited with additional years of satisfactory federal service which would have enabled him to receive retired pay at age 60, and that his military records be corrected to show that he is entitled to Reserve retired pay and benefits. See Attachment to Complaint (Docket Entry No. 2), at 1. His request was denied on June 25, 1993, as untimely. Id.

Plaintiff thereafter filed an action in the United States Court of Federal Claims requesting that his military record be corrected and retirement benefits be granted. This action was dismissed on July 26, 1995, as barred by the applicable statute of limitations, and the decision was upheld on appeal to the United States Court of Appeals for the Federal Circuit on March 12, 1996. See Attachments to Complaint, at 4-6.

Plaintiff followed up this action by initiating a complaint in the United States District Court for the Western District of Tennessee on July 1, 1996, seeking review of the decision of the

---

[2] During these eighteen years, Plaintiff was in active service during World War II and the Korean War. In the time period between the two wars and after the Korean War, he was on inactive status and asserts that he attended college and obtained both a law degree and a Master's degree. See Docket Entry No. 68-2, at 1-4.

2

AFBCMR and alleging additional claims. See Complaint, at 18. On June 16, 1997, the District Court dismissed his complaint as barred by the doctrine of res judicata due to the decision rendered by the Court of Federal Claims.[3] See Attachments to Complaint, at 7-10. The Sixth Circuit Court of Appeals affirmed the dismissal of his action on April 30, 1998. Id. at 11-12; Murphy v. United States of America, 2004 WL 1088747 (6th Cir. May 14, 2004) (unpublished).

Plaintiff's quest continued when he filed an action on December 3, 1998, in the United States District Court for the District of Columbia raising the same claims as he had raised in the action filed in the Western District of Tennessee. The complaint was dismissed on September 13, 1999, as barred by the doctrine of res judicata. See Attachments to Complaint, at 19-25. Upon appeal to the United States Court of Appeals for the District of Columbia, the decision was affirmed. Id. at 26-27; Murphy v. United States of America, 2000 WL 274200 (D.C. Cir. Feb. 2, 2000) (unpublished).[4]

After failing to obtain satisfactory decisions in multiple federal courts, Plaintiff attempted a different maneuver and submitted to the AFBCMR an amended application for correction of his military records on July 25, 2000. See Complaint, at 27. In a decision rendered April 16, 2001, the AFBCMR concluded that while the application was not timely filed, it was in the interest of justice to excuse the failure to timely file, but the AFBCMR denied Plaintiff's application finding

---

[3] In addition to dismissal of the action, Plaintiff was ordered to not file further documents in that case or file any other case in which he seeks to relitigate matters in which any way arise from the closed case.

[4] Although Plaintiff does not make reference to it, it appears that Plaintiff also filed another complaint in the United States District Court for the District of Columbia in November 2000. This action was dismissed on April 20, 2001, and the dismissal was affirmed upon appeal. See Attachments to Complaint, at 38; Murphy v. United States, 2001 WL 1699349 (D.C. Cir. Dec. 19, 2001).

3

insufficient relevant evidence to demonstrate the existence of probable error or injustice. See Attachments to Complaint, at 29-34.

On July 25, 2002, Plaintiff filed a second action in the United States District Court for the District of Columbia seeking review and reversal of the decision of the AFBCMR on his amended application to correct. See Complaint, at 30. This complaint was dismissed on July 2, 2003, as barred by the doctrine of res judicata. See Attachments to Complaint, at 35-45. Upon appeal, the dismissal of the complaint was affirmed. Id. at 50; Murphy v. United States of America, 2004 WL 1088747 (D.C. Cir. May 14, 2004) (unpublished).

Plaintiff then ventured back to the Western District of Tennessee where he filed another action regarding the denial of relief by the AFBCMR and the issue of his military record/benefits. On August 1, 2005, the complaint was dismissed as legally frivolous and both filing and monetary sanctions were imposed against Plaintiff. See Attachments to Complaint, at 52-61; Murphy v. United States of America, 2005 WL 1923165 (W.D. Tenn. Aug. 1, 2005) (unpublished). On January 26, 2006, the Sixth Circuit Court of Appeals affirmed the dismissal of the complaint. See Attachments to Complaint, at 62-63.

## II. COMPLAINT AND PROCEDURAL BACKGROUND

On September 25, 2007, Plaintiff filed the instant pro se complaint as the latest chapter in his continuing legal battle. In the instant action, however, he takes on a different target than in his previous lawsuits and names as defendants sixteen of the federal judges who have been involved in some manner in the decisions rendered in his previous lawsuits. Named as defendants are: the nine members of the United States Supreme Court; two District Judges from the United States District

4

Court for the District of Columbia - Colleen Kollar-Kotelly and Ellen Segal Huvelle; two District Judges from the United States District Court for the Western District of Tennessee - Bernice B. Donald and J. Daniel Breen; and three Circuit Judges from the United States Sixth Circuit Court of Appeals who ruled on the most recent appeal he filed in the Sixth Circuit - Gilbert S. Merritt, Boyce F. Martin, and Ronald L. Gilman.

Plaintiff alleges that each of the defendants has engaged in "judicial malpractice" based upon their actions in court proceedings set out supra. See Complaint, at 2. Specifically, he alleges that the defendants:

> have failed to act within the jurisdiction assigned to the causes of action hereinbefore brought by Plaintiff; that the [defendants] have been guilty of assigning to themselves, and acting as if Congress had granted them a jurisdiction which Congress did not grant; the defendants have failed to follow the Rule of Law; the defendants have abused the power Congress has given them; they have taken from Plaintiff his Constitutional rights, including the due process of law; they have decided cases on facts not before the courts and they have violated their oaths of office, which Plaintiff charges makes each of them unfit to sit and act as a Federal Judge.

Id. at 2-3. Plaintiff seeks five million dollars in actual damages and 650 million dollars in punitive damages. Id. at 39. By an amendment to his complaint (Docket Entry No. 31), Plaintiff added a claim under 42 U.S.C. § 1983 that Defendants engaged in a conspiracy amongst themselves and with other federal agents, including other judges and members of the United States Department of Justice, to prevent him from receiving the benefit of his statutory rights.

On January 15, 2008, the nine members of the United States Supreme Court moved to dismiss the action on the grounds of judicial immunity, sovereign immunity, improper venue, lack of personal jurisdiction, and for failure to state a claim upon which relief can be granted. See

5

Docket Entry No. 33.[5] Plaintiff filed a response (Docket Entry No. 40), as well as a motion (Docket Entry No. 42) to strike Defendants' motion as untimely and to prevent Defendants from being represented by the United States Department of Justice.[6]

### III. CONCLUSIONS

Plaintiff's complaint should be dismissed with prejudice as to all Defendants. Judicial officers generally are immune from civil suits for monetary damages brought against them based upon their judicial actions. Mireles v. Waco, 502 U.S. 9, 9-10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). The rationale for granting judicial officers absolute immunity when they act in their judicial capacities is that judicial officers should be free to make controversial decisions and act upon their convictions without fear of personal liability. Stump v. Sparkman, 435 U.S. 349, 355-56, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); Cooper v. Parrish, 203 F.3d 937, 944 (6th Cir. 2000). As the United States Supreme Court has explained:

> If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication.... Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability.

Forrester v. White, 484 U.S. 219, 226-27, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988) (internal citations omitted). The protection provided by absolute judicial immunity is an immunity from suit, not

---

[5] On April 4, 2008, the remaining seven Defendants filed a notice (Docket Entry No. 51) adopting the previously filed motion to dismiss.

[6] Plaintiff also has several other motions which are pending before the Court and which have been resolved by contemporaneously entered Orders.

6

merely the assessment of damages, and is not overcome by a plaintiff's allegations of bad faith or malice on the part of the judicial officer. Mireles, 502 U.S. at 11; Forrester, 484 U.S. at 227; Brookings v. Clunk, 389 F.3d 614, 617 (6th Cir. 2004).

The action brought by Plaintiff against Defendants is exactly the type of case from a disgruntled litigant which is barred by the application of the doctrine of judicial immunity. The inescapable truth of the matter is that Plaintiff's complaint is based on his dissatisfaction with decisions made by Defendants who were acting within their respective roles as judicial officers of the United States of America in civil lawsuits he filed. The actions of Defendants clearly and undisputedly occurred while they were acting in a judicial capacity in lawsuits which were before them. See Stump, 435 U.S. at 360-62. This fact is not changed no matter how loudly Plaintiff protests that Defendants acted contrary to statutes, case law, their oaths of office, or the "rule of law," or how many times he complains that Defendants "were disguised and acting as" judges, are "unfit to sit and act as [federal judges]," or abused their power. See Complaint, at 2-3. When all of Plaintiff's verbiage is stripped away, it is clear that Defendants are being sued solely because they rendered decisions in Plaintiff's lawsuits which went against his interests and with which he disagreed.

Plaintiff argues that judicial immunity should not apply because a judicial officer is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. See Mireles, 502 U.S. at 11-12. He then asserts that he "has demonstrated that each and every defendants has acted totally absent the jurisdiction set out by Congress." see Plaintiff's Response (Docket Entry No. 40), at 65.

Although Plaintiff points to a correct legal principle, his argument that Defendants acted in the complete absence of all jurisdiction is simply wrong. Plaintiff argues that the Federal Claims Court lacked subject matter jurisdiction in his initial lawsuit and that, because every decision dismissing his subsequently filed lawsuits relied on the dismissal of the Federal Claims Court lawsuit as the basis for applying res judicata, each of the subsequent decisions was therefore also issued in the absence of jurisdiction. See Plaintiff's Response (Docket Entry No. 40), at 65-66. This argument is legally meritless and is based on a flawed understanding of a court's jurisdiction as it applies to the doctrine of judicial immunity.

The United States Supreme Court has held that as long as a judge has jurisdiction to perform the "general act" in question, he or she is immune "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff" and irrespective of the judge's motivation. Cleavinger v. Saxner, 474 U.S. 193, 199-200, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985), citing Bradley v. Fisher, 13 Wall. 335, 347, 20 L.Ed. 646 (1872). Further, The United States Supreme Court has held that the term "jurisdiction" is to be broadly construed to effectuate the purposes of judicial immunity, Stump, 435 U.S. at 356, and that even grave procedural errors or acts taken when no statute purports to confer on the court the authority purportedly exercised will not deprive a judge of judicial immunity. Id. at 359-60. As such, a judge acts in the clear absence of all jurisdiction "only when the matter upon which he acts is clearly outside the subject matter of the court over which he presides." Johnson v. Turner, 125 F.3d 324, 334 (6th Cir. 1997).

Whether or not the Federal Claims Court had subject matter jurisdiction to hear his initial lawsuit in no way determines the question of the jurisdiction of the federal courts at issue in the instant action. Plaintiff has made absolutely no showing that the District Courts in the District of

8

Columbia and the Western District of Tennessee did not have jurisdiction to hear his lawsuits, see 28 U.S.C. § 1331, that the Sixth Circuit Court of Appeals did not have jurisdiction to hear his appeals, see 28 U.S.C. § 1291, and that the United States Supreme Court did not have jurisdiction to determine his writs of certiorari. See 28 U.S.C. § 1254.

Furthermore, a court's ruling that it lacks subject matter jurisdiction over a particular case or claim which is before it does not determine the scope of the court's jurisdiction to hear cases. It is well-established that a federal court has jurisdiction to determine its own jurisdiction in a case. United States v. United Mine Workers of America, 330 U.S. 258, 291 n. 57, 67 S.Ct. 677, 91 L.Ed 884 (1947); Lacey v. Gonzales, 499 F.3d 514, 518 (6th Cir. 2007). Accordingly, a federal court's decision that it lacks subject matter jurisdiction over a claim brought before it does not render the court's decision itself an act which occurs in the absence of jurisdiction and which fails to be protected by judicial immunity. An argument to the contrary, such as the one Plaintiff appears to be making, is simply nonsensical as it would subject a judicial officer to civil suit anytime the judicial officer dismissed a case for want of subject matter jurisdiction.

Plaintiff's supplemental argument that the United States Congress has waived the judicial immunity of all federal judges by waiving the sovereign immunity of the United States in cases, such as his, which seek correction of military records, see Plaintiff's Response (Docket Entry No. 40), at 66, is unsupported by anything other than Plaintiff's own self-serving argument and fails to warrant the denial of judicial immunity to Defendants.

Judicial immunity applies to Plaintiff's original claim of "judicial malpractice," as well as to his amended claim brought under 42 U.S.C. § 1983, and requires dismissal of this action as to all

Defendants. Plaintiff's allegations of a far-ranging conspiracy against him are wholly unsupported by anything other than his own conclusory and speculative statements and border on the absurd.

## RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 33) be GRANTED as to all Defendants named in this action and that this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge