UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| **CHARLES M. MURPHY, JR.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| 5. | ) | Case No. 1:07-0068 |
| | ) | Judge Echols |
| | ) | |
| **COLLEEN KOLLAR-KOTELLY,** | ) | |
| **et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM

This matter is before the Court on a Report and Recommendation ("R & R") (Docket Entry No. 75) in which the Magistrate Judge recommends granting Defendants' Motion to Dismiss (Docket Entry No. 33) and dismissing this action with prejudice. Plaintiff has filed "Objections to the Report and Recommendation of Magistrate Juliet Griffin, and to Most of the Orders She Rendered on the 18th Day of September 2008" (Docket Entry No. 80). Additionally, on the same day the R & R was entered, Plaintiff filed a document which purports to be motions seeking (1) a court order to require the United States Attorney's Office to prosecute Defendants, (2) to require the Clerk to enter default judgments, (3) to require the Clerk to serve pleadings in this case on additional judges, and (4) to require the Clerk to reassign this case to Chief Judge Campbell (Docket Entry No. 78).[1]

---

[1] The title alone on this filing is more than one one single-spaced, typewritten page long.

1

# DISCUSSION

**A. The R & R and Objections Thereto (Docket Entry Nos. 75 and 80)**

This is a case in which Plaintiff has sued sixteen federal judges for their actions in relation to Plaintiff and his previously litigated cases involving Plaintiff's efforts to obtain retirement benefits for his service in the United States Air Force. Plaintiff, who served as a combat veteran in World War II and the Korean War, was placed on retired reserve status in 1959, after eighteen years of military service.

In 1992, Plaintiff requested the Air Force Board for Correction of Military Records ("AFBCMR") to correct his record and credit him with additional years of service so that he would become eligible to receive retirement pay. When this request was denied, Plaintiff sought relief in various federal courts, including, in order, the United States Court of Federal Claims, the United States Court of Appeals for the Federal Circuit, the United States District Court for the Western District of Tennessee, the United States Court of Appeals for the Sixth Circuit, the United States District Court for the District of Columbia, and the United States Court of Appeals for the District of Columbia. These cases lasted from 1992 to 2000.

Unsuccessful in each of these arenas, Plaintiff again pressed his claim before the AFBCMR, lost, and then returned to the United States District Court for the District of Columbia, the United States Court of Appeals for the District of Columbia, the United

2

States District Court for the Western District of Tennessee, and the United States Court of Appeals for the Sixth Circuit. These efforts, which lasted from 2000 until 2005, also failed.

The present action was filed on September 25, 2007 against the various judges involved in his cases. Plaintiff claims the judges conspired to deprive him of statutory benefits and engaged in "judicial malpractice."

After thoroughly reviewing the events which led to the filing of this case and the claims made by the Plaintiff, the Magistrate Judge concluded the Defendants are entitled to absolute judicial immunity. Because of that, the Magistrate Judge recommends dismissal of this action.

Upon review of an R & R, the Court "shall make a *de novo* determination of the matter and may conduct a new hearing, take additional evidence, recall witnesses, recommit the matter to the Magistrate Judge for further proceedings and consideration, conduct conferences with counsel for the affected parties, and receive additional arguments, either oral or written, as the District Judge may desire." L.R.M.J. 9(b)(3). <u>See</u>, Fed.R.Civ.P. 72(b). Having conducted this *de novo* review, the Court finds the Magistrate Judge correctly determined this case should be dismissed because the Defendants are entitled to judicial immunity.

Plaintiff's Objections span 37 pages and are at times difficult to decipher. Most of Plaintiff's "Objections" are really not

3

objections at all, but are rather attempts to relitigate his claimed entitlement to retirement benefits. That issue has been conclusively and repeatedly resolved against the Plaintiff and will not be discussed further.

Plaintiff claims the "Magistrate entered plaintiff's mind and recited <u>as</u> <u>a</u> <u>fact</u>" that Plaintiff began a "legal odyssey" in 1992. (Docket Entry No. 80 at 3, emphasis in original). How the statement of Plaintiff beginning his "legal odyssey" in 1992 is incorrect is not made clear by Plaintiff. Indeed, on the next page of his Objections, Plaintiff states that "[w]ithin a month after Plaintiff discovered the truth in 1992, he applied" to the AFBCMR for a change in his records. (<u>Id</u>. at 4). Insofar as Plaintiff may be objecting to the word "odyssey," the Court understands this merely to mean that Plaintiff has embarked on a long journey or quest. Given that Plaintiff has been relentlessly pursuing his claim for benefits for the past sixteen years, this is an apt characterization and, in any event, not a basis for concluding the Magistrate Judge erred in recommending dismissal of this action.

Plaintiff repeatedly criticizes the Magistrate Judge for failing "to do enough research" or "oversimplifying" the issues (<u>see</u> <u>e.g.</u> <u>id</u>. at 5-6), by such things as misapprehending the date when Plaintiff first discovered the alleged injustice, failing to recognize the powers and duties of the various courts to which his claims were presented, failing to comprehend the applicable

4

statutes underlying his claims for benefits and administrative review, and failing to understand all of the facts that are at the core of his complaint for benefits. The Court finds no basis for such attacks. More pointedly, whether the Magistrate Judge was cognizant of all of these things is largely irrelevant. These concerns were addressed repeatedly by the many courts which have reviewed Plaintiff's claim. The central issue in this case, in contrast, is whether the federal judges who had previously considered Plaintiff claims were entitled to immunity. The Magistrate Judge quite correctly ruled that they were.

Plaintiff claims the Magistrate Judge "brought up from somewhere in her head" (id. at 9) that Plaintiff was arguing that the Federal Claims Court lacked subject matter jurisdiction in his initial lawsuit and therefore every court which used the Federal Claims Court dismissal as res judicata was acting in the absence of jurisdiction. Insofar as this is a mischaracterization of Plaintiff's argument, it is understandable. Repeatedly throughout his filings, Plaintiff argues about a court's inability to act without jurisdiction. However, this blanket assertion does not mean that the Defendants are not entitled to judicial immunity for their acts in relation to Plaintiff's claims. The Sixth Circuit has explained:

> The Supreme Court has held that the term "jurisdiction" is to be broadly construed to effectuate the purposes of judicial immunity. Stump [v. Sparkman], 435 U.S. [349,] 356, 98 S.Ct. 1099 [(1976)]. As such, a

5

> judge acts in the clear absence of all jurisdiction "only
> when the matter upon which he acts is clearly outside the
> subject matter of the court over which he presides."
> Johnson v. Turner, 125 F.3d 324, 334 (6th Cir. 1997). Acts
> done "in the clear absence of all jurisdiction" for which
> no immunity is afforded, should be distinguished from
> those actions in "excess of jurisdiction" which fall
> within the ambit of immunity protection.

Brooks v. Clunk, 289 F.3d 614, 623 (6th Cir. 2004). Here, while Plaintiff repeatedly claims the Defendants are guilty of "sedition," none of the judges about whom Plaintiff complains acted in the clear absence of authority.

In sum, the Magistrate Judge did not "omit facts which do not fit her pre-determined objective," or "simply . . . not mention the law which she cannot answer," or "concoct" arguments (Docket Entry No. 80 at 18). Instead, the Magistrate Judge correctly applied the facts in this case to the well-developed law surrounding judicial immunity. Therefore, all of Plaintiff's objections to the R & R will be overruled.

As a part of his "Objections," Plaintiff argues that his case requires resolution by a jury. Insofar as Plaintiff is seeking a jury trial, that request is denied because this case will be dismissed on legal grounds which require no resolution of disputed facts by a jury.

In his "Objections," Plaintiff also claims that, up until the filing of the R & R, he did not know that a Motion to Dismiss had been filed on behalf of any of the Defendants, other than the original Motion to Dismiss filed on behalf of the Justices of the

6

United States Supreme Court. Plaintiff therefore claims he should be allowed to respond to the "new" motion.

The record reflects that on April 4, 2008, a "Notice of Representation and Adoption of Motion to Dismiss" was filed which indicated that the Department of Justice had been given authority to represent all of the Defendants in this action and that the Motion to Dismiss filed on behalf of the Supreme Court Justices would be adopted by all Defendants. (Docket Entry No. 51). That document also reflects it was served on Plaintiff. Regardless, since that filing merely adopted the arguments which had been full briefed by the parties, no purpose would be served in rearguing the same motion.

In his "Objections," Plaintiff also objects to certain Orders which were entered contemporaneously with the R & R. He asserts the Magistrate Judge erred in concluding his Motion for Default Judgment was moot because Judge Trauger had already denied the same. There is no basis for this Objection because, as Judge Trauger pointed out, Plaintiff failed to show he established service as required by Fed. R. Civ. P. 4(1) at the time he sought a default.

Plaintiff also objects to the denial of his request that he be allowed to proceed in forma pauperis and for the appointment of counsel. These objections are overruled because this case is being dismissed with prejudice.

7

Finally in his "Objections," Plaintiff requests that the Court overrule the Magistrate Judge's "ludicrous" (Docket Entry No. 80 at 33) determination that Plaintiff cannot speak on behalf of the United States and require that the United States be made a party Plaintiff in this action. While it may be true that Plaintiff flew numerous combat missions and served his country for many years as a member of its armed forces, it does not follow that he has the authority to speak for the United States. This objection is overruled.

**B. Miscellaneous Motions (Docket Entry No. 78)**

On the same day the R & R was entered, Plaintiff filed a document which contains several assorted motions. Among these is Motion for a Court Order which would require the United States Attorney and members of his staff to prosecute Defendants for "criminal activities" against the United States and Plaintiff. Leaving aside that the United States Attorney's Office is not an arm of this Court, there is absolutely no basis to conclude that any of the Defendants engaged in any criminal conduct in relation to the Plaintiff or United States. This request is denied.

Plaintiff also seeks an order which would require the Clerk to perform his "statutory duty" and enter default judgments against the Defendants in this case. As already indicated, the request for default judgments was properly denied by Judge Trauger. This Motion is also denied.

8

Plaintiff also asks that the Court enter an Order which would direct the Clerk to serve the pleadings in this case on all of the judges of the United States Courts of Appeals for the Sixth Circuit and the United States Court of Appeals for the District of Columbia Circuit who were on the bench when requests for review of Plaintiff's cases were denied. Plaintiff makes this request so that those judges may also be made Defendants in this action. Because this case will be dismissed, this Motion is denied.

Finally, Plaintiff asks that this action be reassigned to Chief Judge Campbell because it was not randomly reassigned to the undersigned upon Judge Trauger's recusal. That request is made without any factual support and has no basis. It is denied.

## **CONCLUSION**

On the basis of the foregoing, the R & R (Docket Entry No. 75) will be accepted and approved and Defendants' Motion to Dismiss (Docket Entry No. 33) will be granted. Plaintiff's "Objections to the Report and Recommendation of Magistrate Juliet Griffin, and to Most of the Orders She Rendered on the 18th Day of September 2008" (Docket Entry No. 80) will be overruled. Plaintiff's Motion for a Court Order to Require the United States Attorney's Office to Prosecute Defendants, Motion to Require the Clerk to Enter Default Judgments, Motion to Require the Clerk to Serve Pleadings in This Case on Additional Judges, and Motion to Require Clerk to Reassign

This Case to Chief Judge Campbell (Docket Entry No. 78) will be denied.

A appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

10